**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Guangzhou Yanfei Information Technology Co., Ltd., <br><br> Plaintiff <br><br> v. <br><br> Rose Toy Inc., <br><br> Defendant, | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Guangzhou Yanfei Information Technology Co., Ltd. ("Plaintiff") bring this action against Defendant Rose Toy Inc. ( "Defendant") as follows.

### NATURE OF THE ACTION

1. Plaintiff Guangzhou Yanfei Information Technology Co., Ltd. brings this action against Defendant Rose Toy Inc. ("Defendant" or "Rose Toy Inc.") for declaratory and other relief arising from Defendant's wrongful campaign to suppress Plaintiff's lawful commercial operations through baseless intellectual property assertions and the misuse of platform enforcement mechanisms.

2. Plaintiff seeks: (i) a declaratory judgment that Plaintiff has not infringed any copyright of Defendant; (ii) a declaratory judgment that "ROSE TOY" is not a valid or protectable trademark for Defendant; (iii) a declaratory judgment that Plaintiff has not infringed any trademark, committed trademark counterfeiting, or violated the Anticybersquatting Consumer Protection Act ("ACPA"); (iv) a declaratory judgment that Plaintiff has not infringed any valid and enforceable design patent of Defendant; (v) actual damages, costs, and attorneys' fees for Defendant's knowing

material misrepresentations under 17 U.S.C. § 512(f); and (vi) compensatory, consequential, and punitive damages for tortious interference under Delaware common law; and (vii) compensatory, consequential, and punitive damages, and injunctive relief, for abuse of process under Delaware common law.

3. Defendant has repeatedly submitted complaints to Google and Shopify asserting copyright infringement, trademark infringement, and design patent infringement against Plaintiff's storefront and domain, causing Plaintiff's commercial website to be taken down, and resulting in the complete cessation of Plaintiff's business operations. In addition, Defendant filed a civil action in this Court, Rose Toy Inc. v. Dengfang Zheng, et al., Case No. 1:26-cv-00125-RGA ("Related Action"), asserting claims of trademark infringement, trademark counterfeiting, cybersquatting, design patent infringement, and related state-law claims. In the Related Action, Defendant identified the domain www.rosetoyofficial-us.com as an allegedly infringing instrumentality. Plaintiff is the operator of that domain and the associated Shopify storefront, and is the real party in interest with respect to all claims asserted in the Related Action.

4. On March 27, 2026, the Court dismissed the related action without prejudice (see Rose Toy Inc. v. Dengfang Zheng, et al., Case No. 1:26-cv-00125-RGA, Dkt. 14, attached hereto as Ex. 13). Although Plaintiff's Shopify storefront was restored on or about April 3, 2026, following that dismissal, Defendant did not cease its enforcement campaign: on April 12, 2026—two days before the filing of this Complaint—Defendant submitted a new DMCA copyright takedown notice directly under its own name to Shopify, (Ticket ID: f1ae7f5a-55cc-4820-b7be-330fd4189a0b), identifying the following as the purported "original work" and infringing content:

| Defendant's Purported "Original Work" | Allegedly Infringing URLs |
|---|---|

| https://rosetoy.com/ | https://rosetoyofficial-us.com/products/rose-lover-sucking-vibrator |
| --- | --- |
| https://rosetoy.com/products/the-rose-toy | https://rosetoyofficial-us.com/products/black-rose-toy |
| | https://rosetoyofficial-us.com/products/purple-rose-toy |
| | https://rosetoyofficial-us.com/products/pink-rose-toy |
| | https://rosetoyofficial-us.com/products/the-rose-toy |
| | https://rosetoyofficial-us.com/products/blue-rose-toy |
| | https://rosetoyofficial-us.com/products/female-rose-toy |
| | https://rosetoyofficial-us.com/products/rose-toy |

again causing those listings to be suspended. See Ex. 12. This ongoing enforcement conduct confirms that an actual and justiciable controversy persists between the parties. Absent a declaration resolving the parties' respective rights, Plaintiff cannot operate its business free from Defendant's continued enforcement campaign.

## THE PARTIES

5. Plaintiff Guangzhou Yanfei Information Technology Co., Ltd., is a Chinese Company located at Room 9112, Unit 3A01-168, Floor 3A, Building 4, No. 50 Juyuan Street, Shijing Subdistrict, Baiyun District, Guangzhou, who operates the storefront available at rosetoyofficial-1507.myshopify.com and the domain located at www.rosetoyofficial-us.com.

6. Defendant Rose Toy Inc. is a Delaware corporation with its registered agent, Northwest Registered Agent Service, Inc., located at 8 The Green, Ste. B, Dover, DE 19901. According to publicly available Delaware Division of Corporations records, Rose Toy Inc. was incorporated on August 20, 2025.

## JURISDICTION

7. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201–2202, 15 U.S.C. § 1119, and 17 U.S.C. §§ 501 and 512(f).

8. This Court has supplemental jurisdiction over the Delaware common-law claim pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant is incorporated in Delaware and has consented to this forum by filing suit here, and because part of the events giving rise to these claims occurred in connection with proceedings in this District.

10. Personal jurisdiction over Defendant is proper because Defendant is incorporated in the State of Delaware and filed the related action in this Court.

## FACTUAL ALLEGATIONS

### A.  Plaintiff's Prior Commercial History

11. Plaintiff registered the domain rosetoyofficial-us.com on March 19, 2022. *See* Zhou Decl. ¶¶ 2–3 and Ex. 6. Plaintiff commenced commercial operations through the Shopify storefront

4

rosetoyofficial-1507.myshopify.com on or about July 17, 2023. *See* Zhou Decl. ¶¶ 2–3. At all times relevant to this action, Plaintiff offered adult products, including rose-shaped suction devices, through those channels.

12. By the time Plaintiff filed this action, Plaintiff had built a customer base of approximately 54,994 contacts (including roughly 39,900 email subscribers and 18,500 SMS subscribers), had accumulated approximately 409,000 organic search visits in the preceding twelve months, and maintained more than 1,800 units of inventory. *Id.* ¶¶ 28–33, 39.

13. Every element of this commercial history predates Rose Toy Inc.'s August 20, 2025 incorporation. *See* Ex. 1.

**B.    The Trademark Application and Its Defects**

14. On September 19, 2025—approximately one month after its formation—Rose Toy Inc. filed U.S. Trademark Application Serial No. 99402245 for the word mark "ROSE TOY" under Section 1(a) of the Lanham Act, which requires the mark to be in actual use in commerce at the time of filing. *See* Exs. 1&5.

15. The application claims first use in commerce dating to July 21, 2019, a date more than six years before Rose Toy Inc.'s corporate formation. The application identifies no predecessor entity and no chain of assignment. A search of the USPTO Assignment Database reveals no recorded transfer of pre-2025 trademark rights to Rose Toy Inc. *See* Ex. 10.

16. The specimen submitted with the application purports to demonstrate use through the website rosetoy.com. *See* Ex. 5. Publicly accessible Wayback Machine archival records establish, however, that rosetoy.com was listed for sale and carried no active commercial content as late as September 2022, *see* Ex. 4, more than three years after the claimed first-use date. These archival records are subject to judicial notice under Fed. R. Evid. 201(b)(2) as publicly accessible,

verifiable internet archives.

17. On February 2, 2026, the USPTO issued a Non-Final Office Action refusing registration under Lanham Act § 2(e)(1), finding "ROSE TOY" to be merely descriptive of the identified goods. *See* Ex. 2. The USPTO also identified a potential Section 2(d) conflict. No registration has issued. No accepted Section 2(f) claim appears in the application record.

## C. The Campaign of Platform Complaints

18. Beginning in August 2025, within weeks of Rose Toy Inc.'s formation, a series of intellectual property complaints was submitted against Plaintiff's storefront through Google and Shopify, initially asserting UK Trademark No. UK00003904991 under the name "Xiao Han (China)." *See* Zhou Decl. ¶ 6.

19. Plaintiff successfully defeated each early complaint through applicable platform procedures.

20. On or around January 15, 2026, a DMCA copyright takedown notice was submitted to Shopify under the name "Dan Zhou," asserting copyright infringement against Plaintiff's storefront and identifying https://rosetoy.com/ and related product pages as the purported "original work." See Ex. 7.

21. Upon Plaintiff's investigation, an individual named Dan Zhou previously granted Defendant a license under Patent No. D911,544 S for the period from July 19, 2022 to July 19, 2023. However, after July 20, 2023, said license was terminated and is no longer in effect, and Dan Zhou has not granted any further rights to Defendant. *See* Dan Zhou Decl. ¶¶ 2–3. Moreover, Defendant lacks standing to allege infringement of, or take any action concerning, U.S. Patent No. D911,544 S. *See* Dan Zhou Decl. ¶ 4.

22. Publicly available disclosures on rosetoy.com state that the website is owned and

6

operated by Rose Toy Inc., the Defendant in this action. The DMCA notice thus identified Defendant's own commercial website as the allegedly original work, while submitting the notice under the name of a third party "Dan Zhou." *See* Ex. 7.

23. Plaintiff submitted a lawful counter-notification on January 20, 2026 pursuant to 17 U.S.C. § 512(g). *See* Ex. 7.

24. On February 3, 2026, Defendant filed an action in this court asserting trademark, trade dress, and design patent claims, Case No. 1:26-cv-00125-RGA. The Complaint asserts no copyright infringement, identifies no copyrighted work, and seeks no relief under the Copyright Act, *See* Ex. 11.

25. On February 7, 2026, Shopify informed Plaintiff that the storefront would remain suspended because the complainant had "filed a legal action." Shopify's only referenced legal action is the Related Action. Shopify has confirmed in writing that it will comply with any valid court order and that the dispute must be resolved outside the platform. *See* Ex. 7 and Ex. 9.

26. As a result of Defendant's enforcement campaign, Plaintiff's Shopify storefront—which accounted for approximately 95.25% of its U.S. revenue—has been completely disabled. Monthly revenue has fallen to zero. *See* Zhou Decl. ¶¶ 21–25.

27. On January 19, 2026, a separate DMCA copyright complaint was submitted to Google under the same name, "Dan Zhou." That notice asserted copyright ownership over the original product listing content for the "Rose Toy" product identified rosetoy.com as the original URL, and identified rosetoyofficial-us.com as among the allegedly infringing URLs. *See* Ex. 8.

28. After Plaintiff submitted a counter notice, Google responded on February 13, 2026 that it had forwarded the counter notice to the complainant, that the complainant had responded with proof that it had "initiated a legal action" against Plaintiff, and that Google would await further

correspondence regarding the outcome of that proceeding before taking further action. The only legal action identified anywhere in the present record is the Related Action. *See* Ex. 8.

29. The Related Action asserted no copyright infringement, identified no copyrighted work, and sought no relief under the Copyright Act. Yet the same non-copyright lawsuit was invoked across both Shopify and Google as the asserted basis for maintaining copyright-based platform suppression following lawful counter-notices. Both Shopify (as of February 7, 2026) and Google (as of February 13, 2026) continued to withhold restoration on the ground that a legal action was pending, even though the only pending action contained no copyright claim whatsoever.

30. This cross-platform pattern of invoking a non-copyright lawsuit to defeat the § 512(g) restoration mechanism confirms the deliberate and systematic nature of Defendant's enforcement strategy.

### D. Defendant's Purported Invocation of Dan Zhou's Identity Is of Questionable Authenticity

31. The Complaint does not disclose any relationship between Defendant and Dan Zhou, nor identify any authorization, agency, or other nexus explaining why Dan Zhou submitted a DMCA notice and trademark complaints on behalf of Defendant's website.

32. On information and belief, Defendant falsely invoked and/or impersonated Dan Zhou's identity in submitting trademark and copyright complaints to third-party platforms, including Google and Shopify, without any disclosed authorization or legitimate basis, for the purpose of causing Plaintiff's content, listings, and storefronts to be removed, suspended, or otherwise disabled.

### E. Defendant's Renewed DMCA Notice of April 12, 2026

33. Following the dismissal of the Related Action on March 27, 2026, Plaintiff's Shopify storefront was restored on or about April 3, 2026. On April 12, 2026, Defendant Rose Toy Inc.

submitted a new DMCA copyright takedown notice directly under its own name to Shopify (Ticket ID: f1ae7f5a-55cc-4820-b7be-330fd4189a0b), again identifying rosetoy.com as the "original work" and targeting eight product listings on Plaintiff's storefront (rosetoyofficial-us.com). See Ex. 12. Plaintiff thereafter submitted a counter-notification pursuant to 17 U.S.C. § 512(g), and Shopify confirmed that the suspended listings may be reposted. Pursuant to 17 U.S.C. § 512(g)(2)(C), however, Defendant retains the right to file a copyright action within fourteen days of receiving notice of Plaintiff's counter-notification, upon which Shopify would again suspend the listings. Given Defendant's demonstrated pattern of using litigation as an instrument of platform suppression, the threat of renewed suspension is real and imminent. Absent a judicial declaration resolving the parties' respective rights, Plaintiff cannot operate its business free from Defendant's continued enforcement campaign.

## COUNT I
### DECLARATORY JUDGMENT: NO COPYRIGHT INFRINGEMENT
**(28 U.S.C. §§ 2201–2202)**

34. Plaintiff incorporates all prior factual allegations as if fully set forth herein.

35. An actual, justiciable controversy exists between the parties as to whether Plaintiff has infringed any copyright of Defendant. On April 12, 2026, Defendant submitted a DMCA copyright takedown notice directly under its own name to Shopify (Ticket ID: f1ae7f5a-55cc-4820-b7be-330fd4189a0b), asserting copyright ownership over the content of https://rosetoy.com/ and https://rosetoy.com/products/the-rose-toy, and targeting eight of Plaintiff's product listings as allegedly infringing that purported copyright. Shopify immediately suspended those eight product listings upon receipt of the notice. Plaintiff submitted a counter-notification pursuant to 17 U.S.C. § 512(g), and Shopify confirmed that the suspended listings may be reposted. Defendant retains the right under 17 U.S.C. § 512(g)(2)(C) to file a copyright action within fourteen days of receiving

notice of Plaintiff's counter-notification, upon which the listings would again be suspended. Given Defendant's demonstrated pattern of initiating litigation as an instrument of platform suppression, an actual and justiciable controversy exists and judicial relief is necessary to prevent recurring harm.

36. Plaintiff is entitled to a declaration of non-infringement for the following independent reasons, each of which is sufficient standing alone.

37. First, Defendant has failed to identify any specific copyrightable work. The April 12, 2026 notice identifies only a commercial website homepage and a single product page as the purported "original work," without identifying any specific text, image, or other protectable expression. A commercial website URL is not a copyrightable work. The absence of any identified copyrightable work is fatal to any claim of copyright infringement as a matter of law.

38. Second, Defendant does not own any valid copyright in the content it claims was infringed. Defendant was incorporated on August 20, 2025. It cannot hold copyright in content predating its corporate existence, and has identified no chain of title, assignment, or work-for-hire arrangement that would vest any such copyright in Defendant.

39. Third, Plaintiff's product listings, including the text, images, and other content appearing on rosetoyofficial-us.com, are independent original works created by Plaintiff. They do not reproduce any specific text, image, or other protectable expression from rosetoy.com or any other work owned by Defendant.

40. Accordingly, Plaintiff is entitled to a declaration that they have not infringed and are not infringing any valid and enforceable copyright of Defendant, and that Defendant's April 12, 2026 DMCA takedown notice was submitted without any legitimate copyright basis.

**COUNT II**
**DECLARATORY JUDGMENT: ROSE TOY INC. POSSESSES NO ENFORCEABLE TRADEMARK RIGHTS IN "ROSE TOY" (28 U.S.C. §§ 2201–2202)**

41. Plaintiff incorporates all prior factual allegations as if fully set forth herein.

42. An actual, justiciable controversy exists between the parties as to the validity and protectability of the purported "ROSE TOY" trademark. Defendant has asserted, and continues to assert, trademark rights in that designation as the basis for suppressing Plaintiff's commercial operations.

43. Rose Toy Inc. does not possess valid or enforceable trademark rights in the designation "ROSE TOY" for the following independent reasons, each of which is sufficient standing alone.

44. First, the USPTO has formally found "ROSE TOY" to be merely descriptive of rose-shaped adult products under § 2(e)(1). *See* Ex. 2.

45. Second, even if descriptive, the mark has not acquired secondary meaning: the application contains no accepted § 2(f) claim, the Complaint pleads none of the recognized indicia of secondary meaning, and the only objective record confirms widespread descriptive market use by competitors. *See* Ex. 3.

46. Third, the application's claimed first-use date of July 21, 2019 is materially false as to Rose Toy Inc., which did not exist until August 20, 2025. *See* Ex. 1&5. The application identifies no predecessor entity; no assignment is of record; and the designated specimen (rosetoy.com) was demonstrably listed for sale with no commercial content as late as September 2022, three years after the claimed first-use date. *See* Ex. 4.

47. Plaintiff is entitled to a declaration that: (a) "ROSE TOY" is not a valid or protectable trademark for Rose Toy Inc.; (b) Defendant has not acquired trademark rights in the term; and (c) Trademark Application Serial No. 99402245 was procured by material misrepresentation and

cannot support enforceable rights in this action.

## COUNT III
### DECLARATORY JUDGMENT: NO TRADEMARK INFRINGEMENT, NO COUNTERFEITING, NO FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)), AND NO ACPA VIOLATION (28 U.S.C. §§ 2201–2202)

48. Plaintiff incorporates all prior factual allegations as if fully set forth herein.

49. An actual, justiciable controversy exists as to whether Plaintiff has infringed any trademark of Defendant, engaged in trademark counterfeiting, or violated the Anticybersquatting Consumer Protection Act.

50. Plaintiff is entitled to declarations of non-infringement, non-counterfeiting, and non-violation of the ACPA for the following reasons.

51. Defendant holds no registered trademark, and Defendant has not established ownership of any valid and protectable mark. Without a valid trademark right, whether registered or common law, there can be no infringement; and absent a registered mark, there can be no counterfeiting as a matter of law.

52. Plaintiff registered its domain on March 19, 2022 and commenced operations on July 17, 2023, before Defendant's formation, establishing superior priority against Defendant. *See* Zhou Decl. ¶¶ 2–3 and Ex. 6.

53. Plaintiff's use of the term "rose toy" is good-faith descriptive use of a common product category designation, not use as a source identifier. The domain rosetoyofficial-us.com was registered in good faith before Defendant's formation; no bad-faith factor under § 1125(d)(1)(B)(i) supports a finding of ACPA liability.

## COUNT IV
## DECLARATORY JUDGMENT: NO DESIGN PATENT INFRINGEMENT (28 U.S.C. §§ 2201–2202)

54. Plaintiff incorporates all prior factual allegations as if fully set forth herein.

55. An actual, justiciable controversy exists as to whether Plaintiff has infringed any design patent of Defendant. In the Related Action, Defendant expressly asserted that Plaintiff infringed "a registered U.S. design patent" covering the ornamental design of Defendant's ROSE TOY product, and sought injunctive relief and damages on that basis. See Ex. 11 ¶¶ 18–19. That action was dismissed without prejudice, leaving Defendant free to reassert the same design patent claims at any time. Defendant has made no representation that it has abandoned or will not reassert its design patent claims. Given Defendant's demonstrated pattern of repeated enforcement actions against Plaintiff, the threat of renewed design patent assertion is real and imminent.

56. Plaintiff is entitled to a declaration of non-infringement for the following reasons.

57. Defendant has not identified any issued design patent allegedly infringed, has not provided a patent number, and has not attached or described any patented design. Notably, even in the Related Action in which Defendant expressly asserted design patent infringement, Defendant failed to identify the patent by number or attach any patent documentation. See Ex. 11 ¶¶ 18–19.

58. In the alternative, to the extent Defendant contends that any design patent is at issue, Plaintiff's investigation indicates that the only patent that could potentially be asserted against the accused products is U.S. Patent No. D911,544 S. However, that patent is owned by Dan Zhou, and Defendant lacks standing to assert any claim for infringement thereof or otherwise take any action relating to that patent. See Dan Zhou Decl. ¶ 4.

59. Further, to the extent Defendant contends that any identifiable design patent is at issue,

Plaintiff denies that it infringes any valid and enforceable claim of such patent, either literally or under the doctrine of equivalents.

60. Accordingly, Plaintiff is entitled to a declaration that they do not infringe any valid and enforceable design patent allegedly asserted by Defendant.

**COUNT V**
**KNOWING MATERIAL MISREPRESENTATION(17 U.S.C. § 512(f))**

61. Plaintiff incorporates all prior factual allegations as if fully set forth herein.

62. Section 512(f) of the Digital Millennium Copyright Act provides that any person who knowingly materially misrepresents that material or activity is infringing, or that material was removed or disabled by mistake or misidentification, shall be liable for damages, including costs and attorneys' fees. 17 U.S.C. § 512(f).

63. On or about January 15, 2026, a DMCA takedown notice was submitted to Shopify under the name "Dan Zhou," asserting copyright infringement of rosetoy.com content. That website publicly identifies Rose Toy Inc. as its owner and operator. *See* Ex. 7.

64. On or about January 19, 2026, a second DMCA copyright complaint was submitted to Google under the same name, asserting copyright ownership over the original product listing content for the "Rose Toy" product, identifying rosetoy.com as the original URL and rosetoyofficial-us.com as an infringing URL. See Ex. 8.

65. On information and belief, both submissions were made by, at the direction of, or in coordination with Defendant or persons acting in concert with it. Both notices contained materially false representations of infringement.

66. On April 12, 2026, Defendant submitted a third DMCA takedown notice directly under its own name to Shopify, again identifying only a commercial website homepage as the purported "original work" without identifying any specific copyrightable work or expression. See Ex. 12.

14

This notice was submitted after the Related Action had been dismissed, after Plaintiff had submitted a lawful counter-notification to the January 2026 notice, and after Shopify had restored Plaintiff's storefront. This third submission constitutes an independent and knowing material misrepresentation under 17 U.S.C. § 512(f).

67. Each of these DMCA submissions contained a knowing material misrepresentation: each asserted copyright infringement without a valid substantive basis for doing so against Plaintiff's lawful storefront.

68. After Plaintiff submitted proper counter-notifications on both platforms, each platform was required under § 512(g)(2)(C) to restore the challenged content unless Defendant filed a copyright-related court action. Defendant instead filed the Related Action asserting trademark and patent claims only, no copyright cause of action, and then represented to both Shopify and Google that "a legal action had been filed." *See* Exs. 7&8.

69. Shopify maintained the suspension on February 7, 2026 on that basis. Google reached the same conclusion on February 13, 2026, informing Plaintiff that the complainant had provided proof of a legal action and that Google would await its outcome before restoring the affected listings. *See* Exs. 7&8. The only action identified by either platform is the Related Action: A complaint asserting trademark and patent claims, with no copyright cause of action, no identification of a copyrighted work, and no request for copyright relief, does not satisfy the statutory predicate of § 512(g)(2)(C).

70. By representing to both Shopify and Google that the statutory predicate for continued suppression had been satisfied, Defendant made knowing material misrepresentations to multiple service providers under § 512(f).

71. As a direct and proximate result of these misrepresentations, Plaintiff has suffered

15

complete suspension of its Shopify storefront; monthly revenue losses of approximately US$60,000; reduction of organic search traffic from 409,000 annual visits to zero; erosion of customer relationships with nearly 55,000 customers; ongoing inventory carrying costs; and projected rebuilding expenditures exceeding US$601,432.81. *See* Zhou Decl. ¶¶ 32, 34, 38, 39 and 43. Plaintiff is entitled to actual damages, costs, and attorneys' fees pursuant to 17 U.S.C. § 512(f).

**COUNT VI**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE (Delaware Common Law)**

72. Plaintiff incorporates all prior factual allegations as if fully set forth herein.

73. Plaintiff maintained established business relationships and prospective economic advantages with their customers, with Shopify and Google as their platform provider, and with their broader commercial ecosystem. These relationships were active, commercially valuable, and ongoing at the time Defendant commenced its enforcement campaign.

74. Defendant and/or persons acting in concert with it intentionally and wrongfully interfered with those relationships through independently unlawful means, including by: (a) submitting materially false DMCA copyright notices to Shopify (January 15, 2026), Google (January 19, 2026), and again to Shopify (April 12, 2026) to obtain platform suppression; (b) misrepresenting this non-copyright action to both Shopify and Google as satisfying the statutory predicate of § 512(g)(2)(C), causing both platforms to maintain suppression of Plaintiff's commercial presence following lawful counter-notifications; (c) asserting trademark rights in a merely descriptive or generic term in which Defendant holds no valid rights, for the purpose of eliminating a competitor; and (d) filing a trademark application based on a first-use date predating Plaintiff's own corporate formation, without any disclosed chain of title.

75. Defendant's interference was intentional and directed at eliminating a competitor whose

commercial operations both predated and rivaled those of Defendant.

76. As a direct and proximate result, Plaintiff has suffered compensatory damages in an amount to be proven at trial. Because Defendant's conduct was willful and malicious, using legally deficient IP claims as instruments of marketplace suppression, Plaintiff is also entitled to punitive damages under Delaware law.

## COUNT VII
## ABUSE OF PROCESS (Delaware Common Law)

77. Plaintiff incorporates all prior factual allegations as if fully set forth herein.

78. Abuse of process under Delaware common law requires: (i) an ulterior purpose in the use of legal process; and (ii) a willful act in the use of that process not proper in the regular conduct of the proceeding.

79. Defendant filed the Related Action on February 3, 2026, asserting claims of trademark infringement, trademark counterfeiting, cybersquatting, and design patent infringement. The Related Action contained no copyright cause of action, identified no copyrighted work, and sought no relief under the Copyright Act. See Ex. 11.

80. Notwithstanding the absence of any copyright claim in the Related Action, Defendant immediately communicated the existence of that litigation to both Shopify and Google as the basis for maintaining copyright-based platform suppression following Plaintiff's lawful counter-notifications under 17 U.S.C. § 512(g). *See* Exs. 7&8. Both platforms withheld restoration of Plaintiff's content on the ground that a legal action was pending—even though the only pending action contained no copyright claim whatsoever.

81. The statutory predicate of 17 U.S.C. § 512(g)(2)(C) requires that a complainant file a copyright action to defeat a counter-notification. By invoking a non-copyright lawsuit to satisfy this predicate, Defendant used the Related Action for a purpose entirely foreign to its legitimate

function: not to obtain judicial resolution of any copyright dispute, but solely to maintain platform suppression of Plaintiff's commercial operations.

82. On March 27, 2026, the Related Action was dismissed without prejudice. See Ex. 13. Within days, Defendant submitted a new DMCA copyright takedown notice directly under its own name to Shopify on April 12, 2026. See Ex. 12. This pattern of conduct—filing litigation to maintain platform suppression, allowing that litigation to be dismissed, and immediately reinitiating platform enforcement—confirms that Defendant's use of the Related Action was not for any legitimate judicial purpose, but as an instrument of marketplace suppression.

83. Defendant's ulterior purpose in filing and invoking the Related Action was to eliminate a commercial competitor whose operations predated Defendant's own corporate formation, by exploiting platform enforcement mechanisms that are designed to protect legitimate copyright holders, not to suppress competition.

84. As a direct and proximate result of Defendant's abuse of process, Plaintiff has suffered: complete suspension of their Shopify storefront for an extended period; monthly revenue losses of approximately US$60,000; reduction of organic search traffic from 409,000 annual visits to zero; erosion of customer relationships with nearly 55,000 customers; ongoing inventory carrying costs; and projected rebuilding expenditures exceeding US$601,432.81. See Zhou Decl. ¶¶ 32, 34, 38, 39 and 43.

85. Because Defendant's conduct was willful, deliberate, and designed to weaponize judicial process as an instrument of commercial suppression, Plaintiff is entitled to compensatory damages, consequential damages, and punitive damages under Delaware law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Guangzhou Yanfei Information Technology Co., Ltd. respectfully requests that this Court:

A.  Enter a declaration that Plaintiff has not infringed and is not infringing any valid and enforceable copyright of Defendant, and issue such further equitable relief as may be necessary to prevent Defendant from submitting further DMCA takedown notices against Plaintiff without identifying a specific copyrightable work;

B.  Enter a declaration that (i) "ROSE TOY" is not a valid or protectable trademark for Rose Toy Inc.; (ii) Defendant has not acquired trademark rights in that term; and (iii) Application Serial No. 99402245 was procured by material misrepresentation and should be refused or, if registered, cancelled under 15 U.S.C. § 1119;

C.  Enter a declaration that Plaintiff has not infringed any trademark of Defendant, has not committed trademark counterfeiting, and has not violated the ACPA;

D.  Enter a declaration that Plaintiff has not infringed and is not infringing any valid and enforceable design patent of Defendant;

E.  Award Plaintiff actual damages, costs, and attorneys' fees pursuant to 17 U.S.C. § 512(f), in amounts to be proven at trial;

F.  Award Plaintiff compensatory damages, consequential damages, and, to the extent supported by the evidence, punitive damages, in amounts to be proven at trial;

G.  Award Plaintiff their reasonable attorneys' fees and costs under 15 U.S.C. § 1117(a) (exceptional case), 17 U.S.C. § 512(f), and any other applicable fee-shifting provision;

H.  Award Plaintiff compensatory damages, consequential damages, and, to the extent supported by the evidence, punitive damages for Defendant's abuse of process, in

19

amounts to be proven at trial, and issue a permanent injunction prohibiting Defendant from filing or invoking any legal action for the purpose of maintaining platform-based suppression of Plaintiff's content without a legitimate and good-faith basis for the claims asserted therein;

I.   Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

OF COUNSEL:

Hongchang Deng (*pro hac vice pending*)
Yi Yi (*pro hac vice pending*)
Xiangru Chen (*pro hac vice pending*)
**LawMay P.C.**
2108 N St., Ste.9124
Sacramento, CA 95816
M: 267-888-8281
rdeng@lawmayus.com
yiyi@lawmayus.com
xiangru.chen@lawmayus.com

Dated:   April 16, 2026

/s/ David L. Finger
David L. Finger (#2556)
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE 19801
(302) 573-2525
dfinger@delawgroup.com
Attorney for Guangzhou Yanfei Information
Technology Co., Ltd.